NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3607
_____

UNITED STATES OF AMERICA

v.

LEE SOKALSKY,
                        Appellant


On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 3-15-cr-00040-001
District Judge: The Honorable Robert D. Mariani

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 6, 2020

Before: SMITH, *Chief Judge,* HARDIMAN, and KRAUSE, *Circuit Judges*

(Filed: March 9, 2020)
_____

OPINION[*]
_____


SMITH, *Chief Judge.*

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Lee Sokalsky pleaded guilty to four counts of bank robbery by force, violence or intimidation in violation of 18 U.S.C. § 2113(a). The presentence investigation report classified Sokalsky as a career offender under United States Sentencing Guideline (U.S.S.G.) § 4B1.1. Sokalsky objected to the career offender classification, arguing that the § 2113(a) offense did not constitute a crime of violence as defined in U.S.S.G. § 4B1.2(a). The District Court disagreed and sentenced Sokalsky to 151 months of incarceration on each count to run concurrently. This timely appeal followed.[1] We will affirm.

The only issue on appeal is whether bank robbery by intimidation under § 2113(a) categorically constitutes a crime of violence. We exercise plenary review of a district court's decision that a conviction qualifies as a crime of violence under U.S.S.G. § 4B1.2(a). *United States v. Wilson*, 880 F.3d 80, 83 (3d Cir. 2018).

Sokalsky acknowledges that in *Wilson*, we "join[ed] our sister circuits in holding that bank robbery by intimidation, as set forth in [18 U.S.C.] § 2113(a), categorically qualifies as a crime of violence under [U.S.S.G.] § 4B1.2(a)'s 'elements' clause." *Id.* at 88. Nonetheless, he asserts that *Wilson* "was wrongly decided." Appellant's Br. 12. *Wilson* is binding on this panel. *See* 3d Cir. I.O.P.

---

[1] The United States District Court for the Middle District of Pennsylvania had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

9.1 (2018).  Accordingly, we conclude that the District Court did not err by

applying § 4B1.1's career-offender enhancement in this case.  We will affirm.